UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN WHEELER,

    Plaintiff,

vs.                                                      Case No.  3:04-cv-1147-J-32MCR

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 11) filed April 18, 2005 and Plaintiff's Motion for Protective Order (Doc. 12) filed April 22, 2005.

## **I.  BACKGROUND**

This case involves Plaintiff's claim that he was retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII) for objecting to sexual harassment and discrimination in the workplace.  (Doc. 1).  Specifically, Plaintiff was an employee of the Florida Department of Corrections for fifteen years.  Plaintiff alleges that he learned about sexual harassment in the workplace from a female subordinate.  Plaintiff testified in the sexual harassment claim and subsequently was told by his supervisor that his career could be ruined if he continued to participate in the harassment claim.  Plaintiff then filed a charge of retaliation with the EEOC and afterwards was transferred from his normal work post and forced to submit to a mental status evaluation.

-1-

On March 8, 2005, Plaintiff served his Initial Disclosures and listed the names of several doctors who may have discoverable information. (Doc. 15, Ex. 1). On March 22, 2005, Defendant served Plaintiff with a Notice of Production from Non-Party and attached seven subpoenas issued to Plaintiff's medical providers. (Doc. 12, Ex. 2). The subpoenas sought the medical files of these physicians and contained no time limitation. Counsel for Plaintiff informed Defendant that Plaintiff would object to the subpoenas because the information sought was privileged, the subpoenas were too broad in that they did not contain a time limitation and because the information was confidential and Defendant needed to enter into a confidentiality agreement prior to obtaining the information.

In response, Defendant filed the instant Motion to Compel seeking an order compelling Plaintiff to produce his medical records. Plaintiff responded by pointing out that Defendant has served no request for production of documents and therefore, a motion to compel is inappropriate. Plaintiff then filed a Motion for Protective Order (Doc. 12) arguing that (1) his medical records should not be produced because they are protected by the psychotherapist-patient privilege, (2) Defendant should only be able to seek medical records related to the litigation and for a period of five years, and (3) Defendant should be required to enter into a confidentiality agreement with respect to the medical records. Defendant filed a response in opposition to this Motion on May 9, 2005. (Doc. 15).

## II. DISCUSSION

### A. Defendant's Motion to Compel

Defendant's Motion to Compel (Doc. 11) seeks to compel production of Plaintiff's medical records. However, as Plaintiff points out, Defendant has not served Plaintiff with any discovery requests which would require Plaintiff to produce such records. In its response to Plaintiff's Motion for Protective Order, Defendant appears to argue that Plaintiff's Rule 26 disclosures are inadequate because Plaintiff did not produce any documents with his Rule 26 disclosures. (Doc. 15, p.1).

Rule 26(a)(1)(B) only requires parties to exchange:

> a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment

Rule 26(a)(1)(B), Fed.R.Civ.P. Accordingly, Plaintiff was not obligated to produce a copy of the documents so long as he provided a sufficient description of the documents. Thus, the Court finds Defendant's Motion to Compel (Doc. 11) is due to be denied at this time.

### B. Plaintiff's Motion for Protective Order

In his Motion for Protective Order, Plaintiff seeks a protective order (1) prohibiting Defendant from obtaining any medical records reflecting psychotherapist-patient communications, (2) limiting the use and maintaining the confidentiality of any sensitive medical information found in Plaintiff's medical records and (3) narrowing the scope of Defendant's discovery to only non-privileged medical records for the period of time five

years from the date of the requests and to only records relevant to the damages in this case. (Doc. 12, pp.1-2). The Court will address each of these requests by Plaintiff.

### 1.     Psychotherapist-patient Privilege

Plaintiff argues that his medical records are protected by Florida Statute §394.4615, which provides that mental health clinical records are confidential and waiver of confidentiality must be express. Plaintiff also claims that federal law recognizes a psychotherapist-patient privilege. Rule 501 of the Federal Rules of Evidence provides:

> The privilege of a ... person ... shall be governed by principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, [or] person ... shall be determined in accordance with State law.

Fed.R.Evid. 501. In this case, Plaintiff's claims are governed entirely by federal law and therefore, federal law will control any assertion of privilege in this case. See Vinson v. Humana, Inc., 190 F.R.D. 624, 626 (M.D. Fla. 1999).

In Jaffee v. Redmond, 518 U.S. 1, 15, 116 S.Ct. 1923 (1996), the Supreme Court established a federal psychotherapist privilege applicable to licensed psychiatrists, licensed psychologists and licensed social workers. Defendant notes that only two of the seven subpoenas were addressed to licensed counselors who might be covered by any psychotherapist-patient privilege. The remaining subpoenas are addressed to Plaintiff's general physicians. As Defendant correctly points out, there is no physician-

patient privilege under federal common law. Accordingly, with respect to the other five subpoenas, Plaintiff's arguments regarding a privilege do not apply.

As for the subpoenas to the two licensed counselors, Defendant does not dispute that Plaintiff's communications with them would be subject to the psychotherapist-patient privilege. Instead, Defendant argues Plaintiff has waived the privilege by putting his mental condition at issue in this case. Defendant's memorandum of law discusses at great length the various schools of thought on the issue of waiver. (Doc. 15, pp.5-10). The Court is persuaded by the discussion in Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 557 (N.D. Ga. 2001) holding that the analysis for "determining whether the plaintiff has placed [his] mental condition at issue so as to waive the privilege is analogous to, and should be generally consistent with, the analysis conducted when a Rule 35(a) examination is requested."

Courts in the Eleventh Circuit generally do not allow mental examinations pursuant to Rule 35(a) unless the plaintiff's mental status is directly relevant to proof of the elements of the underlying cause of action at issue. See Morton v. Haskell Co., 1995 WL 819182 at *2 (M.D. Fla.1995) (ADA claim was based upon alleged disability of clinical depression). When the mental status of the plaintiff is not directly relevant to the claims alleged in the complaint, courts will not order a mental examination simply because the plaintiff seeks recovery for emotional distress. However, when a plaintiff goes beyond a mere claim for emotional distress and claims damages for severe or continuing emotional distress, the courts find the plaintiff has indeed placed his mental condition in controversy and will permit a mental examination. See e.g. Ali v. Wang

Laboratories, Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995) (court permitted exam where plaintiff alleged he suffered "severe and permanent psychological damage," "extreme emotional distress," and claimed he had "been very depressed and remains depressed."). But see, Bennett v. White Laboratories, Inc., 841 F. Supp. 1155, 1158 (M.D. Fla.1993) (plaintiff's mental condition not in controversy by seeking damages for mental pain and anguish as well as "anxiety regarding the risk of contracting cancer").

In the Complaint, Plaintiff claims he has suffered "mental anguish, distress, humiliation, great expense, medical bills, and loss of enjoyment of life." (Doc. 1, ¶27). The Court finds these damages amount to mere garden variety emotional distress damages. At this point in the litigation, the Court does not find the psychotherapist-patient privilege has been waived. As discovery progresses, if it appears Plaintiff is seeking more than the garden variety damages for emotional distress, that Plaintiff intends to refer to his psychological treatment or that Plaintiff intends to rely on any expert testimony as to his mental condition, the Court will revisit the issue upon proper motion by Defendant. Accordingly, at this time, Plaintiff's Motion for Protective Order is granted with respect to records reflecting communications between Plaintiff and any licensed therapists. Because the psychotherapist-patient privilege only applies to communications between Plaintiff and his therapist, Defendant is entitled to seek any other documents from the counselors, such as billing records or dates of treatment.

### 2.     Limitations on Discovery of Plaintiff's Medical Records

With respect to the remaining subpoenas, Plaintiff argues that they should be limited to seek only records created five years prior to the issuance of the subpoena and "only those records which are relevant to the damages in this case." (Doc. 12, p.7). Plaintiff argues Defendant has not "shown good cause for seeking such broad discovery of Plaintiff's private medical information." (Doc. 12, p.7). However, Defendant is correct that it is Plaintiff's burden as the party seeking a protective order to show good cause for its issuance. Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders for good cause shown in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). One seeking a protective order carries the burden of showing good cause and/or the right to be protected. See U. S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). This burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Garrett, 571 F.2d at 1326 n.3 (citations omitted).

In the instant case, Plaintiff generally states that "some of the medical information sought is of such a sensitive nature that disclosure of such material may not only be irrelevant, but embarrassing to the Plaintiff." (Doc. 12, p.6). This is not sufficient to establish good cause. Plaintiff has not provided the Court with enough information to determine if a protective order is necessary and appropriate. As the subpoenas are issued to individuals listed in Plaintiff's initial disclosures and because the medical records are not protected by any privilege, the Court will deny Plaintiff's Motion for a

Protective Order as it relates to Defendant seeking Plaintiff's medical records. Having said this, the Court agrees that the subpoenas are overly broad. Seeking Plaintiff's medical records from the beginning of treatment is not necessary. The Court instructs Defendants to limit its requests to seek any records regarding Plaintiff's treatment from 1995 to the present.

### 3.     Confidentiality Agreement

The Court is perplexed by Defendant's refusal to enter into a confidentiality agreement regarding Plaintiff's medical records. Obviously, an individual has a real and substantial interest in keeping his/her medical records confidential. Accordingly, Defendant is ordered to treat all medical records as confidential and to ensure that the records are used solely for purposes of this litigation, are not shown to any individual without a substantial need to see the documents, and at the completion of litigation are either destroyed or returned to Plaintiff. The Court would urge Defendant to reconsider its position and enter into a confidentiality agreement with Plaintiff regarding any medical records. If the parties are able to reach an understanding regarding such agreement, no further Court intervention is necessary.

After due consideration, it is

**ORDERED**:

1.     Defendant's Motion to Compel (Doc. 11) is **DENIED**.

2.     Plaintiff's Motion for Protective Order (Doc. 12) is **GRANTED** in part and **DENIED** in part as stated above.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  17th  day of May, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record