UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN WHEELER,

        Plaintiff,

vs.                               Case No.  3:04-cv-1147-J-32MCR

FLORIDA DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Deposition

and/or For Sanctions (Doc. 29) filed October 3, 2005.  On October 17, 2005, Plaintiff

filed his response to the Motion and requested entry of a protective order.  (Doc. 30).

Accordingly, the matter is now ripe and ready for review.

## I.   BACKGROUND

This case involves Plaintiff's claim that he was retaliated against in violation of

Title VII of the Civil Rights Act of 1964 ("Title VII) for objecting to sexual harassment and

discrimination in the workplace.  (Doc. 1).  Specifically, Plaintiff testified in the sexual

harassment claim brought by a co-worker and was subsequently told by his supervisor

that his career could be ruined if he continued to participate in the harassment claim.

Plaintiff then filed a charge of retaliation with the EEOC and afterwards was transferred

from his normal work post and forced to submit to a mental status evaluation.

-1-

On March 8, 2005, Plaintiff served his Initial Disclosures and listed the names of several doctors who may have discoverable information.  (Doc. 15, Ex. 1).  On March 22, 2005, Defendant served a Notice of Production from Non-Parties  (Doc. 29, p.2, citing Doc. 11, Ex. A) to which Plaintiff objected.  (Id. citing Doc. 11, Ex. B.)  Then, Defendant filed a Motion to Compel and Plaintiff filed a Motion for Protective Order.  On May 17, 2005, this Court issued its decision allowing Defendant access to Plaintiff's medical records.  (Doc. 16).  On May 24, 2005, Defendant requested the production of Plaintiff's medical records.  (Doc. 29, Ex. E).  Plaintiff requested a mediation which was scheduled for June 21, 2005.  Id.

On June 15, 2005, Defendant began Plaintiff's deposition.  (Doc. 29, Ex. A).  As some of the requested medical records had not yet arrived, Defendant adjourned the deposition to reserve the opportunity to question Plaintiff regarding the forthcoming medical records.  Id.  Plaintiff objected.  Id.

On September 15, 2005, Defendant contacted counsel for Plaintiff to determine the availability of Plaintiff for purposes of reconvening the deposition.  (Doc. 30, Ex. 2).  On September 19, 2005, Plaintiff's attorney responded that there was no agreement to depose Plaintiff again.  Id.  On September 21, 2005, Defendant notified Plaintiff it would "reconvene and continue the [June 15, 2005] deposition" on September 30, 2005.  (Doc. 29, Ex. B). Plaintiff replied he would not be attending the deposition because there was no agreement to "re-depose" Plaintiff and the "unilateral[]" notice was improper.  (Doc. 30, Exs. 2-3).

At issue in the current motion is the finality of the June 15, 2005 deposition. Defendant claims the deposition was adjourned and Plaintiff's failure to appear for its continuation warrants sanctions.  Plaintiff responds that since he did not stipulate to further questioning, the June 15, 2005, deposition was completed and as Defendant did not seek leave of court for the September 30, 2005, deposition, sanctions are not appropriate.

## II.    DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and therefore, embody a fair and just result.  U.S. v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Under Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles

stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties, the person to be examined already has been deposed in the case." Fed. R. Civ. P. 30(a)(2)(B). Yet, the Advisory Committee recognized that "[t]his requirement does not apply when a deposition is temporarily recessed . . . to enable additional materials to be gathered before resuming the deposition." Fed. R. Civ. P. 30 advisory committee's notes, 1993 amendments.

In its Motion to Compel, Defendant asserts that the June 15, 2005, deposition of Plaintiff was adjourned pending the receipt of Plaintiff's medical records; therefore, it was not required to seek leave of court to reconvene the deposition on September 30, 2005. In his response to the Motion to Compel, Plaintiff maintains that because there was no agreement between the parties to continue the deposition, the deposition was completed and, therefore, Defendant was required to seek leave of court.

The Court agrees with Defendant that the June 15, 2005, deposition was adjourned and consequently, Rule 30(a)(2)(B) does not apply. Even if the June 15, 2005 deposition was not adjourned, a deponent may be required to appear for a second deposition when need or good cause is shown. Melhorn v. N.J. Transit Rail Operations, Inc., 203 F.R.D. 176 (E.D. Pa 2001). This Court deems Defendant's Motion to Compel as seeking leave of court to depose Plaintiff. Defendant established that need and good cause exist for re-deposing Plaintiff. Plaintiff's requested mediation was pending and therefore, this Court believes it was reasonable for Defendant to begin the deposition of Plaintiff without having all of the medical records. Additionally, Plaintiff will not be

prejudiced by a further deposition limited solely to questions regarding the unavailable medical records.

Accordingly, the Court grants Defendant's Motion to Compel and will require Plaintiff to appear for a deposition limited to questions regarding the medical records that were not received by Defendant prior to the June 15, 2005, deposition. This deposition shall take place no later than **November 1, 2005**.

Defendant seeks sanctions ranging from awarding its fees incurred in bringing the instant motion to striking Plaintiff's claim for emotional distress damages. The Court believes an award of sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure is not warranted. Plaintiff's failure to attend the September 15, 2005, deposition was substantially justified.

Accordingly, after due consideration, it is

**ORDERED**:

1.      Defendant's Motion to Compel Deposition (Doc. 29) is **GRANTED**. Plaintiff shall appear at a deposition to take place no later than **November 1, 2005**.

2.      It is further ordered that the deposition will be limited to questions regarding the requested medical records that were unavailable at the June 15, 2005 deposition.

3.      Plaintiff's Motion for Protective Order (Doc. 30) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this <u>26th</u> day of

October, 2005.

<u>*Monte C. Richardson*</u>

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party